UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                             :

STEVEN R. PERLES,                      :      NOTICE OF REMOVAL
PERLES LAW FIRM, P.C., and           :
FAY AND PERLES FSIA               :
  LITIGATION PARTNERSHIP        :
                                                 :
          Plaintiffs                   :
                                               :
    v.                             :
                                               :
JOSEPH PETER DRENNAN,           :
DAN GASKILL, and                  :
PATRICK DONAHUE                 :
                                               :
          Defendants               :
                                               :
------------------------------------------------------- x

To:    Clerk of Court
        United States District Court
        Southern District of New York

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, defendants Joseph Peter Drennan, Dan Gaskill, and Patrick Donahue, by their undersigned counsel, hereby remove *Steven R. Perles, et al. v. Joseph Peter Drennan, et al.,* Index No. 653886/2018 (the "State Court Action") from the Supreme Court of the State of New York, County of New York, where it is now pending, to the United States District Court for the Southern District of New York.

Defendants respectfully state the following grounds for removal:

## THE STATE COURT ACTION

1.        Plaintiffs Steven R. Perles ("Perles") and Perles Law Firm, P.C. ("Perles Law Firm") filed a Summons and Verified Complaint in the State Court Action on July 8, 2019. The

Complaint also listed Fay and Perles FSIA Litigation Partnership ("FSIA Partnership") as a plaintiff, but upon information and belief, Perles included FSIA Partnership as a plaintiff without the required authorization from his partner, Thomas Fay. Attached as Exhibit A is a true and correct copy of the Summons and Verified Complaint ("Verified Compl.") filed in the State Court Action.

2. On November 1, 2019, Counsel for Defendants accepted service of a copy of the Summons and Complaint by electronic mail. A copy of that electronic mail correspondence is attached as Exhibit B. A copy of all other documents served upon Defendants in the State Court Action is attached as Exhibit C. Defendants have not made any filings in the State Court Action.

## GROUNDS FOR REMOVAL

3. The Verified Complaint alleges the following five counts: (1) Unjust Enrichment; (2) Quantum Meruit; (3) Common Fund; (4) Indemnification; and (5) Declaratory Relief. *See* Vertified Compl. at ¶¶ 201-227. The Verified Complaint seeks damages of more than $29 million. *See id.* at ¶¶ 27, 208, 213, 219.

4. This action is within the original jurisdiction of this Court, and removal is proper under 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states." As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(a).

5. The Verified Complaint seeks damages of more than $29 million. Accordingly, the amount in controversy exceeds $75,000.

6. The required diversity of citizenship is satisfied because there is complete diversity among the parties. Plaintiff Steven Perles is a resident of Florida and an attorney with a

principal place of business in the District of Columbia. Verified Compl. ¶ 6. Plaintiff Perles Law Firm, P.C. is located in the District of Columbia. *Id.* ¶ 7. Defendant Joseph Peter Drennan is a resident of Virginia and an attorney with his principal place of business in Virginia. *Id.* ¶ 9. (Contrary to the allegations in ¶ 9, Mr. Drennan has not had an office in the District of Columbia since mid-1992.) Defendant Dan Gaskill is a resident of Maryland; plaintiffs allege that they do not know whether he continues to practice law in the District of Columbia. *Id.* ¶ 10. (He does not.) Defendant Patrick Donahue is a resident of Maryland and an attorney with a principal place of business in Maryland. *Id.* ¶ 11.

7. Alleged plaintiff FSIA Partnership lacks capacity to sue and its citizenship should be disregarded. "A removing party may establish its right to a federal forum by 'competent proof,'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979), and courts may look at materials outside the pleadings, "includ[ing] documents appended to a notice of removal … that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos,* 609 F.3d 512, 520 (2d Cir. 2010). "The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction." *Briarpatch Ltd., L.P. v Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). Under this doctrine, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal" by fraudulently joining non-diverse "parties with no real connection to the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). Applying New York law pursuant to Fed. R. Civ. P. 17(b)(3), two or more persons conducting business as a partnership may sue or be sued in the partnership name, CPLR § 1025, but the cause of action belongs to the partners jointly, not any individual partner. *See Handelsman v. Bedford Village Associates Ltd. Partnership,* 213 F.3d 48, 54 (2d Cir. 2000)

(collecting cases); *M.I.F. Securities Co. v. R.C. Stamm & Co.,* 94 A.D.2d 211, 216 (1st Dep't), *aff'd,* 60 N.Y.2d 936 (1983).

8. The FSIA Partnership agreement (copy attached as Exhibit D) between Steven Perles and Thomas Fortune Fay prohibits either partner from signing the firm name without the consent of the other partner. It further provides that both partners must approve making *any* contract or taking *any* action by which the partnership's money, interest or property may be liable. *See* Exhibit D at ¶ 10. Upon information and belief, Fay did not authorize Perles to sign the FSIA Partnership's name to this action and opposes its filing. Without Fay's approval, Perles cannot sign the complaint on behalf of the FSIA Partnership and the partnership lacks capacity to sue. Accordingly, while Defendants advise the Court pursuant to Local Rule 81.1(2) that, upon information and belief, Mr. Fay maintains a principal place of business in the District of Columbia and is a resident of Maryland, his place of residence does not defeat subject matter jurisdiction based on diversity of citizenship.

9. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because counsel for Plaintiffs served counsel with the Verified Complaint and Summons on November 1, 2019.

10. Venue is proper in this district because the Supreme Court of the State of New York, County of New York, is located within this judicial district. 28 U.S.C. § 112(c). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

11. By this Notice of Removal, Defendants do not waive any defense, right, privilege, or objection they may have to this action.

12. Defendants will promptly file in the State Court Action a Notice of Filing of Notice of Removal, and serve all parties with a copy of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

13. Accordingly, removal of the State Court Action is proper.

**WHEREFORE,** Defendants respectfully request the removal of the matter captioned *Steven R. Perles, et al. v. Joseph Peter Drennan, et al.,* Index No. 653886/2018 from the Supreme Court of the State of New York, County of New York, to this Court and respectfully request that the matter proceed in this Court as an action properly removed thereto.

Dated: November 19, 2019        Respectfully submitted,

/s/ Stuart A. Berman
Stuart A. Berman (SB7146)
Stanley J. Reed
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue
Suite 700
Bethesda, MD 20814
Phone (301) 657-0729
Fax (301) 347-1538
saberman@lerchearly.com

/s/ M. Katherine Sherman
M. Katherine Sherman (KW7490)
David C. Wrobel (DW5242)

Wrobel Markham LLP
360 Lexington Avenue
15th Floor
New York, NY 10017
Phone (212) 421-8100
Fax (212) 421-8170
sherman@wmlawny.com
wrobel@wmlawny.com

Counsel for Defendants Patrick Donahue,
Dan Gaskill, and Joseph Peter Drennan

# **CERTIFICATE OF SERVICE**

I certify that on November 19, 2019, I caused this Notice of Removal, exhibits, civil cover sheet and related case statement to be sent by U.S. mail to:

>Steven Turano, Esq.
>LAW OFFICES OF STEPHEN TURANO
>275 Madison Avenue
>New York, NY 10016
>
>Douglas M. Bregman, Esq.
>Geoffrey T. Hervey, Esq.
>BREGMAN, BERBERT, SCHWARTZ & GILDAY LLC
>7315 Wisconsin Avenue
>Suite 800 West
>Bethesda, Maryland 20814
>
>Matt Kaiser, Esq.
>Christopher C. Muha, Esq.
>KAISERDILLON, PLLC
>1099 14th Street, N.W.
>8th Floor West
>Washington, DC 20005
>
>Counsel for Plaintiffs

>/s/ M. Katherine Sherman
>M. Katherine Sherman (KW7490)