UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN R. PERLES, ESQUIRE, et al.,

                Plaintiffs,

-against-

JOSEPH PETER DRENNAN, et al.,

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-29-20

19 Civ. 10690 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is a fully-briefed motion to remand the above-captioned action to state court filed by Plaintiffs Steven R. Perles, Esq. ("Mr. Perles"), Perles Law Firm, P.C. ("PLF"), and Fay and Perles FSIA Litigation Partnership (the "FSIA Partnership" and, collectively with Perles and PLF, "Plaintiffs").  (See Plaintiffs' Mem. of Law in Support of Mot. to Remand ("Pl. Br."), dated November 26, 2019 [dkt. no. 14]; see also Defendants' Mem. of Law in Opposition to Mot. to Remand ("Opp. Br."), dated December 2, 2019 [dkt. no. 17]; see also Plaintiffs' Reply Mem. of Law in Support of Mot. to Remand ("Reply Br."), dated December 9, 2019 [dkt. no. 19].)  For the reasons detailed below, Plaintiffs' motion to remand is GRANTED.

I.    FACTUAL BACKGROUND

    Plaintiffs originally filed their complaint in the Supreme Court of the State of New York, New York County, on July 8,

2019. (See Verified Complaint ("Compl."), dated July 8, 2019 [dkt. no. 1-1].) Plaintiffs primarily allege that Defendants Joseph Drennan, Dan Gaskill, and Patrick Donahue (together, "Defendants") piggybacked off Plaintiffs' efforts to win and collect a $2.6 billion judgment against the Islamic Republic of Iran in connection with that country's involvement in the "Marine Barracks Bombing" in Beirut, Lebanon in October 1983. Specifically, Plaintiffs allege that Defendants "failed to contribute a single minute of work or a single dollar of costs" to their lengthy and strenuous effort to collect that judgment against Iran, (Compl. ¶ 4), which lasted over 8 years and involved identifying and securing $2.1 billion of Iranian assets held by Citibank to satisfy the judgment, (id. ¶ 3.) Despite Defendants' alleged freeloading, Plaintiffs assert that Defendants lined their pockets with "millions of dollars . . . from the collection achieved by Plaintiffs." (Id.) Because they conducted the bulk of the work on the collection effort, Plaintiffs believe that they are reasonably entitled to the vast majority of the fees that were collected by Defendants through that process and, accordingly, bring claims for unjust enrichment, quantum meruit, and under the doctrine of the common fund. (Id. ¶ 5.) They further request that "Defendants be barred from receiving anything from any new collections . . .

beyond the 3% fee appropriate for the work that they performed." (Id.)

In November 2019, Defendants removed the action to this Court based on diversity of citizenship. (Notice of Removal, dated November 19, 2019 [dkt. no. 1].) Shortly thereafter, Plaintiffs sought to remand the action back to state court in New York pursuant to 28 U.S.C. § 1447, arguing that complete diversity does not exist among the litigants. (Motion to Remand, dated November 26, 2019 [dkt. no. 13].) Critically, Plaintiffs argue that Defendant Gaskill, Defendant Donahue, and Thomas Fay--a partner of Plaintiff FSIA Partnership--are all citizens of the State of Maryland, thereby destroying diversity. (Pl. Br. at 1-2.) Defendants, in turn, have argued that Mr. Fay's citizenship, and thus the citizenship of the FSIA Partnership, should be disregarded for diversity purposes because Mr. Perles fraudulently joined the partnership because he did not receive Mr. Fay's consent prior to joining the FSIA Partnership as a Plaintiff as required by a unanimity provision in the relevant partnership agreement. (Opp. Br. at 3-8.) No one appears to dispute that this Court would not have subject matter jurisdiction if the FSIA Partnership is considered as a plaintiff.

II. DISCUSSION

As any first-year law student knows, this Court is a court of limited jurisdiction. Gunn v. Minton, 568 U.S. 251, 256 (2013) (citations omitted). "[S]ubject matter jurisdiction functions as a limit on federal power" such that "[f]ederal courts may not proceed at all in any cause without it." Vera v. Republic of Cuba, 867 F.3d 310, 315-16 (2d Cir. 2017) (citations omitted). The federal removal statute effectuates this structural limitation on judicial power by only permitting removal to federal court when a suit concerns matters over which the federal district courts have original subject matter jurisdiction, i.e., via diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. § 1441.

Because of "[t]he primacy of jurisdiction," however, "'jurisdictional questions ordinarily must precede merits determinations in dispositional order.'" (quoting Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic, 582 F.3d 393, 397 (2d Cir.2009)).[1] That order of operations is important here. A central issue in this case is the FSIA Partnership's capacity to sue (or lack thereof), which Defendants have made a

---

[1] While the Supreme Court has opined that its historical usage of the term "jurisdictional" has been "less than meticulous," it has nonetheless attempted to define jurisdictional issues as those that implicate a court's "adjudicatory authority," i.e., its power to decide a case. Kontrick v. Ryan, 540 U.S. 443, 454-55 (2004).

4

centerpiece of both their opposition to Defendants' present motion to remand and their parallel motion to dismiss this action for failure to state a claim. (See Opp. Br. at 7-8; see also Defendants' Mem. of Law in Support of Motion to Dismiss ("MTD"), dated November 25, 2019 [dkt. no. 9] at 8-11; see also infra at 9 n.3.) But because district courts must generally "establish that [they] have federal constitutional jurisdiction . . . before deciding a case on the merits," Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates, Co., 436 F.3d 82, 85 (2d Cir. 2006), the Court is functionally limited in its ability to consider the partnership's alleged lack of capacity in its jurisdictional analysis. Of course, the Court can consider the FSIA Partnership's capacity to sue under the partnership agreement if that lack of capacity is in fact a "jurisdictional" issue instead of a merits one. If it is not a jurisdictional issue, however, the partnership's alleged lack of capacity will not affect the present lack of diversity, see supra at 3, absent an exception to the complete diversity requirement--here, Plaintiffs' purportedly fraudulent joinder of the FSIA Partnership, see infra at 7-9.

The Court wastes no time concluding that the FSIA Partnership's capacity to sue is a merits question that does not factor into the Court's jurisdictional analysis. The Court of Appeals has clearly indicated that "[c]apacity to sue is

5

ordinarily not a jurisdictional issue." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 935-36 (2d Cir. 1998); see also LBBW Luxemburg S.A. v. Wells Fargo Sec., LLG, 744 Fed. App'x 710, 714 n.3 (2d Cir. 2018) ("Capacity to sue is ordinarily not a jurisdictional issue") (quoting 59 Am. Jr. 2d Parties § 26).[2] The Court sees no reason to depart from that general principle in this case. Whereas the FSIA Partnership's capacity speaks to its "personal right to litigate in federal court," Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC, 403 F. Supp.3d 257, 267 (S.D.N.Y. 2019)(emphasis added and citations omitted), subject matter jurisdiction implicates the Court's power to hear its case, United States v. Cotton, 535 U.S. 625, 630 (2002). Put differently, the Court may still retain subject matter jurisdiction even where the FSIA Partnership lacks capacity, such as where litigants waive the issue, but the reverse proposition is not true. Compare Dennis v. JPMorgan Chase & Co., 342 F. Supp.3d 404, 411 (S.D.N.Y. 2018) ("[A] capacity to sue defense may be waived if it is not raised in a party's initial responsive pleading to a claim."), with

---

[2] The Court of Appeals for the State of New York has been equally explicit: "The issue of lack of capacity to sue does not go to the jurisdiction of the court, as is the case when the plaintiffs lack standing. Rather, lack of capacity to sue is a ground for dismissal which must be raised by motion and is otherwise waived." City of New York v. State, 655 N.E.2d 649, 653 (N.Y. 1995).

6

Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived."). Accordingly, in this matter "the question of federal jurisdiction should be faced <u>in limine</u> before reaching the issue of [] capacity to sue." <u>Bartle v. Markson</u>, 357 F.2d 517, 520 (2d Cir. 1966)(emphasis in original).

Because the FSIA Partnership's lack of capacity is not a jurisdictional issue, Defendants seek refuge in the doctrine of fraudulent joinder. That "exception to [the principles of diversity] applies when a non-diverse party is fraudulently joined in order to defeat complete diversity." <u>MBIA Ins. Corp. v. Royal Bank of Canada</u>, 706 F. Supp.24 380, 388 (S.D.N.Y. 2009)(citations and internal quotations omitted). As noted above, Defendants argue that because Mr. Perles did not receive Mr. Fay's consent prior to joining the FSIA Partnership as a plaintiff, the partnership's joinder was necessarily fraudulent, and its citizenship should be ignored for diversity purposes.

The Court disagrees that Plaintiffs' joinder of the FSIA Partnership was fraudulent. Proving fraudulent joinder is no easy task. "[D]efendant[s] seeking removal bear[] a heavy burden of proving fraudulent joinder" through "clear and convincing evidence" that "outright fraud" occurred or that "there is <u>no possibility</u> . . . of stating a claim [under state law] involving the non-diverse party." <u>Pampillonia v. RJR Nabisco, Inc.</u>, 138

7

F.3d 459, 460-61 (2d Cir. 1998) (emphasis added); Intershoe, Inc. v. Filanto S.p.A., 97 F. Supp.2d 471, 474 (S.D.N.Y. 2000); see also Nemazee v. Premier, Inc., 232 F. Supp.2d 172, 178 (S.D.N.Y. 2002)("[A]ny possibility of recovery, even if slim, militates against a finding of fraudulent joinder.").

Defendants have not carried their burden here. At a basic level, the doctrine of fraudulent joinder most commonly applies where a plaintiff joins a party who has "no real connection to the controversy." Pampillonia, 138 F.3d at 461. This is not such a case. As Defendants themselves point out in their motion to dismiss papers, the FSIA Partnership has a close connection to this controversy because the claims at issue arguably belong to the partnership rather than to Mr. Perles as an individual. (MTD at 8-9.) Moreover, Defendants' "evidence" of outright fraud amounts to a series of conclusory statements that Mr. Perles's purported disregard of the unanimity provision was fraudulent. Such statements, without more, fall far short of "clear and convincing evidence" of "outright fraud." Pampillonia, 138 F.3d at 460-61. Finally, Defendants have not shown that it is "legally impossible" for the FSIA Partnership to state a claim under New York law. See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp.2d 177, 183 (S.D.N.Y. 2003). As pointed out by Plaintiffs, New York law would allow the FSIA Partnership to bring a claim without the

consent of all partners where members of the partnership rely on the unanimity provision "to impede significant functions of the partnership solely for personal gain." Wilf v. Halpern, 599 N.Y.S.2d 579, 580 (App. Div. 1993).[3]

Considering the foregoing, the Court concludes that this action should be remanded. Under 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction to entertain cases where the "matter in controversy exceeds the sum or value of $75,000" and the litigants are citizens of different states. 28 U.S.C. § 1332(a)(1). Of course, for purposes of diversity jurisdiction, a partnership takes on the citizenship of each of its partners. Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d

---

[3] The Court's conclusion that capacity to sue is not a jurisdictional issue also militates against a finding that Plaintiffs fraudulently joined the FSIA Partnership. See supra at 5-6. Litigants are not permitted to use removal proceedings as a "back door for getting . . . dispositive motions heard in a preferred federal forum." Rose v. Horan, No. 17 Civ. 6408(MKB), 2018 WL 4344954, at *4 (E.D.N.Y. Sept. 11, 2018) (citations omitted); see also 14B Wright & Miller, Federal Practice and Procedure § 3721 ("Courts will not resolve the substantive issues of a case in the course of determining the propriety of removal.") (4th ed. 2019). Tellingly, the Defendants' arguments with respect to the FSIA Partnership's capacity (or lack thereof) also feature prominently in their motion to dismiss briefing. (Compare MTD at 9-10, with Opp. Br. at 3-8.) In other words, they essentially ask that this Court resolve the merits of a dispositive motion on a motion to remand. The Court declines that invitation, as it sees no compelling reason for allowing this removal proceeding to turn into a proxy battle over dispositive issues best left for resolution on a motion to dismiss.

315, 322 (2d Cir. 2001). Here, Mr. Fay is a citizen of Maryland, meaning that the FSIA Partnership is a citizen of that state for diversity purposes. Defendants Gaskill and Donahue are also citizens of Maryland. As such, diversity of citizenship is not present, and this Court does not have subject matter jurisdiction to adjudicate this case.[4]

CONCLUSION

For the reasons detailed above, Defendants' motion to remand the above-captioned action (dkt. no. 13) is GRANTED. The above-captioned action shall be remanded back to the Supreme Court of the State of New York, County of New York. The Clerk of Court shall mark this action closed and all pending motions denied as moot.

**SO ORDERED.**

Dated:   New York, New York
         January 29, 2020

*Loretta A. Preska* (signature)
LORETTA A. PRESKA
Senior United States District Judge

---

[4] In addition, the decision to remand this action to state court comports with federal courts' established practice of "constru[ing] the removal statute narrowly" and "resolving any doubts against removability" in light of "congressional intent to restrict federal court jurisdiction" and "the importance of preserving the independence of state governments." See Purde Pharma, L.P. v. Kentucky, 704 F.3d 208, 2013 (2d Cir. 2013) (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)).